IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOEL OREE**, | : | |
| Petitioner, | : | |
| v. | : | |
| | : | NO. 24-5393 MKC |
| **MELINDA ADAMS, et al.**, | : | |
| | : | |
| Respondents. | : | |
| | : | |

REPORT AND RECOMMENDATION

SCOTT W. REID                                                                                                            August 1, 2025
UNITED STATES MAGISTRATE JUDGE

    This is a *pro se* petition for writ of habeas corpus[1] filed pursuant to 28 U.S.C. §2254 by Joel Oree, who is currently incarcerated at SCI Mercer, in Mercer, PA. Oree challenges his trial counsel's effectiveness as it relates to his decision to waive his right to a jury trial. For the reasons that follow, I recommend that the petition be denied.

    I.    *Factual and Procedural History*

    On December 17, 2013, Oree was charged with rape, 18 Pa. C.S. § 3121, involuntary deviate sexual intercourse (IDSI), *id*. § 3123, sexual assault, *id*. § 3124-1, unlawful restraint, *id*. § 2902, indecent exposure, *id*. § 3127, indecent assault, id. § 3126, and false imprisonment, *id*. § 2903, following a sexual assault that occurred on November 11, 2013. ECF 16 at 2-3. The victim reported that she met Oree on a subway train in Philadelphia and he invited her to stay with him at his apartment the same night. ECF 16 at 1-2. The victim stated that Oree had awoken her in

---

[1] To the extent that Oree's petition included a Motion to Appoint Counsel, mentioned for the first time on the last line of the form in Oree's prayer for relief, the motion is **DENIED**. I note that there is no constitutional right to appointed counsel in a federal habeas corpus case. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  The court may appoint counsel for an indigent habeas corpus petitioner if the interests of justice so require.  18 U.S.C. § 3006A(a)(2).

1

the middle of the night and forced her to perform sexual acts before she was able to escape and report the incident the next morning. ECF 16 at 2.

Oree was initially represented at the preliminary hearing by the Defender Association of Philadelphia. ECF 16 at 3. Oree then retained private attorney William Simms for future proceedings. *Id.* Prior to trial, Oree waived his right to a trial by jury. *Id*.

Oree elected to proceed with a bench trial before the Honorable Robert Coleman of the Philadelphia Court of Common Pleas. *Id.* To that end, Oree signed a written waiver of his right to a jury trial and orally reiterated his waiver. N.T. 1/29/15 at 3. Judge Coleman gave an extensive colloquy, both evaluating Oree's understanding and willingness to waive a jury trial and explaining the distinctions between bench and jury trials, before accepting Oree's waiver. *Id.* at 3-6. After a two-day bench trial, Judge Coleman found Oree guilty on all charges[2] and sentenced him to seven to fourteen years in prison, followed by ten years of reporting probation. ECF 16 at 3-4. Oree filed a direct appeal. *Id.* at 4. The PA Superior Court affirmed his conviction.[3] *Id*.

On October 30, 2017, Oree filed a *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. §§ 9541-46. In the PCRA petition, Oree claimed that trial counsel was ineffective for failing to inform him of his constitutional right to a jury trial. ECF 16 at 4. On February 7, 2020, the PCRA court held an evidentiary hearing. *Id*. Oree, Simms, and Oree's daughter, Jasmine, testified at the hearing. *Id*.

---

[2] The charges for unlawful restraint and false imprisonment were dismissed at the preliminary hearing stage. Oree was tried on the charges of rape, involuntary deviate sexual intercourse, sexual assault, indecent exposure, and indecent assault only. ECF 16 at 2-3.

[3] On direct appeal, the Pennsylvania Superior Court overturned Oree's probationary sentence for sexual assault, concluding that the offense merged with rape and involuntary deviate sexual intercourse for sentencing purposes. ECF 16 at 4. The Court did not remand the case for resentencing because the sentences were to be served concurrently. *Id.*

Jasmine testified that at an initial meeting with Simms, she explained that Oree wanted a jury trial, but was only able to pay $1,500. N.T. 2/7/20 at 8. Jasmine recalled that Simms told her he would charge $8,000 to represent Oree at a jury trial, and that $1,500 would only be sufficient to pay his fees for a bench trial. *Id*. at 9-10.

Oree testified that during his first meeting with Simms, he was told that Simms could not represent him in a jury trial because he could not afford Simms' jury trial rate. N.T. 2/7/20 at 13–14. In explaining his choice to retain Simms to represent him for a bench trial, Oree claimed that he was unaware he could have a jury trial if he chose to retain new counsel. *Id*. He said that if he knew he could retain other counsel, he would have done so and elected to proceed with a jury trial. *Id*. at 16. Oree said he waived his right to the jury trial, signed the jury-trial waiver form, and orally expressed his intent to proceed via bench trial because he thought he had no choice. *Id*. at 17-18. However, later in the same testimony, Oree acknowledged that he was familiar with changing representation since he had switched from the Defender Association to Simms. *Id*. at 18-20.

Simms testified that he informed Oree of his right to a jury trial, emphasized that another attorney could represent him at a jury trial if he wanted one, and that if at any point Oree had expressed any concerns about proceeding via bench trial or insisted on a jury trial, he would have taken the necessary steps to ensure that Oree could have other representation. *Id.* at 36, 39, 45, 60. Simms recounted his meetings with Oree and his family, during which he explained the distinctions between and benefits of jury trials and bench trials. *Id*. at 32-34. He also provided them with his rates based on his initial analysis of the case: $2,500 for a bench trial, and $7,500 for a jury trial. *Id*. at 59. After learning from Oree's children that they were only able to pay $1,500 for the representation, Simms informed them, and later told Oree, that he was limited to

3

only representing Oree at a bench trial for that amount, since a jury trial was much more expensive. *Id*. Simms informed Oree about his right to a jury trial and said that it was "clear to [him] that [Oree] understood that [right]." *Id*. at 60.

Oree was previously on track to receive a jury trial with the Defender Association, and Simms explained to Oree that he could continue with the Defender to a jury trial or retain other private counsel, but if he chose to retain Simms, he would have to request a waiver of a jury trial. *Id.* Oree did not want public representation and his children had already pursued other counsel. *Id*. at 42, 55. After their discussion, Oree agreed to the representation for a bench trial. *Id.* at 37. Simms testified Oree never raised any concerns about proceeding via bench trial, nor did he request to withdraw his waiver. *Id.* at 38-39, 42.

The PCRA court dismissed Oree's petition, crediting Simms' testimony that Oree was aware that he had the option of a jury trial if he wanted one. ECF 16 at 8. Citing the trial court's "thorough" waiver colloquy, Oree's verbal and written waivers, and testimony that he knew he could retain other private counsel or utilize the Defender Association for a jury trial, the Court concluded that Oree's waiver of a jury trial was knowing and intelligent, and Simms' performance was thus not ineffective. *Id.* at 9.

The Pennsylvania Superior Court affirmed the dismissal of Oree's PCRA petition on August 8, 2023. *Commonwealth v. Oree*, No. 2029 EDA 2021, 2023 WL 5093856 (Pa. Super. Aug. 8, 2023). The Superior Court agreed that Oree knowingly and voluntarily waived his right to a jury trial and "understood his options when he retained private counsel, who could not represent him at a jury trial." *Id*. at 8. Thus, the Court found that there was no evidence that Oree was prejudiced and Simms was not ineffective. *Id*. at 8-9. The Pennsylvania Supreme Court denied allowance of appeal. ECF 16 at 9.

On October 2, 2024, Oree filed a timely *pro se* petition for a writ of habeas corpus in this Court, claiming only that his trial counsel was ineffective for misadvising him to waive his right to a jury trial. ECF 1 at 5.

II.     *Relevant Legal Principles*

    A.  *Standard for Issuance of a Writ of Habeas Corpus*

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the federal courts' power to grant a writ of habeas corpus. Where the claims presented in a federal habeas petition were adjudicated on the merits in the state courts, a federal court may not grant habeas relief unless the adjudication either (a) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (b) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §2254(d).

As the United States Supreme Court has explained, a writ may issue under the "contrary to" clause of Section 2254(d)(1) only if the "state court applies a rule different from the governing rule set forth in [United States Supreme Court] cases or if [the state court] decides a case differently than [the United States Supreme Court] has done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A writ may issue under the "unreasonable application" clause only where there has been a correct identification of a legal principle from the Supreme Court but the state court "unreasonably applies it to the facts of the particular case." *Id*. This requires a petitioner to demonstrate that the state court's analysis was "objectively unreasonable." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). State court factual

5

determinations are given considerable deference under AEDPA. *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004).

      B. *Ineffective Assistance of Counsel*

To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must show that (a) counsel's performance was deficient and (b) counsel's actions prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1983).

To prove prejudice, the defendant need not show that the outcome of the proceeding would have been different, but must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* at 466 U.S. 694. Where a petitioner is alleging ineffectiveness related to the waiver of a jury trial, the Third Circuit requires a petitioner to demonstrate the prejudice prong of the *Strickland* analysis "by establishing on this record a reasonable probability that but for his counsel's failure to ensure a proper waiver of his Sixth Amendment right to be tried before a jury, he would have exercised that right." *Vickers v. Superintendent Graterford SCI,* 858 F.3d 841, 857 (3d Cir. 2017). A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Strickland,* at 466 U.S. 694. In other words, the petitioner must show that the "result of the proceeding was fundamentally unfair or unreliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

  III.  *Discussion*

AEDPA permits this court to grant habeas relief on a claim already rejected on its merits by a state court only if the state court's adjudication was contrary to or an unreasonable application of clearly established federal law, or where it was based on an unreasonable determination of the facts. 28 U.S.C. §2255(d).

The Pennsylvania Superior Court addressed the claim Oree raises here; that trial counsel was ineffective in misadvising him of his right to a jury trial. Based on Simms' representation that he could not represent Oree at a jury trial, Oree argues that he chose to waive his right to a jury trial and did so because he did not know he could have other counsel represent him for a jury trial. ECF 1 at 5. The Superior Court concluded that Oree was not prejudiced by counsel's performance because Oree failed to demonstrate a reasonable probability that but for Simms' advice he would not have waived his right to a jury trial. *Oree*, No. 2029 EDA 2021, 2023 WL 5093856 at 9. This decision was not contrary to, or an unreasonable application of, federal law.

The issue is governed by *Vickers v. Superintendent Graterford SCI,* 858 F.3d 841, 857 (3d Cir. 2017). *Vickers* requires a petitioner alleging ineffectiveness related to the waiver of a jury trial to demonstrate the prejudice prong of the *Strickland* analysis "by establishing…a reasonable probability that but for his counsel's failure to ensure a proper waiver of his Sixth Amendment right to be tried before a jury, he would have exercised that right." *Vickers v. Superintendent Graterford SCI,* 858 F.3d 841, 857 (3d Cir. 2017).

The Superior Court applied the same prejudice standard in evaluating Oree's waiver of a jury trial. *Oree*, No. 2029 EDA 2021, 2023 WL 5093856 at 8. The Court concluded that Oree was not prejudiced because: 1) Oree had previously changed representation from the Defender Association to Simms, indicating he understood he had the option of other representation; 2) Oree acknowledged his understanding of his right to a jury trial both orally and verbally following the trial Court's colloquy explaining the waiver; 3) Simms' testimony that he provided Oree with an explanation of his rights and options for other representation; 4) Oree's failure to produce any "evidence of specific advice of counsel that vitiated a knowing and intelligent waiver of [his] right to a jury trial." *Oree*, No. 2029 EDA 2021, 2023 WL 5093856 at 9.

7

The undersigned agrees. The trial judge and Simms both verified that Oree understood his right to a jury trial. Simms provided him with options to proceed with the Defender Association or find other private counsel. And, finally, Oree was familiar with the procedure to retain new counsel and could have done so if not satisfied with Simms' representation. The Superior Court reasonably concluded that Oree could not demonstrate prejudice, as there is no evidence to support a reasonable probability that Simms failed to ensure a proper waiver of the right to be tried before a jury, or that Oree would have exercised that right but for Simms' advice. *See Vickers*, 858 F.3d at 857 ("[T]he record is devoid of any credible evidence that Vickers otherwise would have opted for a jury trial and affirmatively indicates that he made an informed, strategic decision to proceed with a bench trial after numerous consultations with his counsel."). Thus, the Superior Court's decision was not contrary to, or an unreasonable application of, federal law.

IV.   *Conclusion*

For the reasons set forth above, I now make the following:

*RECOMMENDATION*

AND NOW, this 1st day of August, 2025, it is respectfully recommended that this petition be denied. There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

The petitioner may file objections to this Report and Recommendation within fourteen days after being served with a copy. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights. *See Leyva v. Williams*, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

*s/Scott W. Reid*
**SCOTT W. REID**
**U.S. MAGISTRATE JUDGE**